B. F. MORTON and another v. JOSEPH BARBER and another.

*Statute of Limitations—Homestead—Reversionary Interest.*

The statute of limitations does not run against a debt owing by a homesteader during the existence of his interest in the homestead, provided the same has been actually laid off; and then only as to debts affected by the allotment, that is, judgments docketed in the county where the land is situate and solely with reference to the lien of such judgments upon the reversionary interest. (This proceeding is governed by Bat. Rev., ch. 55, §26, but that statute is not brought forward in THE CODE of '83; see also, opinion in *Mebane* v. *Layton*, 89 N. C., pp. 400, 401).

(*McDonald* v. *Dickson*, 85 N. C., 248, cited and approved).

MOTION for leave to issue execution, heard at Fall Term, 1883, of ALAMANCE Superior Court, before *MacRae, J.*

This was an appeal from the order of the clerk granting leave to issue execution upon a judgment rendered by a justice of the peace in favor of the plaintiffs for twenty-two dollars and fifteen cents and costs, on the first day of March, 1869, and docketed in the superior court on the 22d day of May, 1869, upon a transcript from the justice.

On the said 22d day of May, executions issued on the judgment from the superior court, together with other executions from the same court, and docketed at the same time.

Under the execution against the defendants Barber and Rippy, the sheriff proceeded to have the homestead and personal property exemption of defendant Barber appraised and set apart, and after allotting homestead and exemption, a schedule of which was a part of his return, there was no property of defendant Barber liable to satisfy said executions.

The plaintiff Iseley assigned his interest in said judgment to one J. R. Ireland, and sometime thereafter died.

On the 22d day of March, 1879, the said J. R. Ireland in his own behalf, and defendant Morton as his authorized agent, made the affidavit required by statute, that said judgment had

not been paid, and more than three years had elapsed since execution issued, and asked leave for execution to issue.

Thereupon notice was issued to the defendants, as required, and they appeared in obedience thereto and filed answer, setting up irregularity in the rendition of the judgment by the justice of the peace. Upon the hearing the clerk granted leave to issue execution, from which the defendants appealed to the superior court in term. In that court the judgment of the clerk was reversed, at fall term, 1880, upon the ground that the judgment rendered by the justice was " void and of no effect."

From that judgment the plaintiffs appealed, and at January term, 1881, of this court the judgment of the superior court was reversed upon the ground of " the want of authority in the superior court to entertain the enquiry into the proceedings had before the justice of the peace for the purpose of vacating his judgment, or annulling the force and effect of the transcript upon which it was docketed, for any of the reasons assigned." *Morton* v. *Rippy*, 84 N. C., 611.

Then at the fall term, 1883, of the superior court the motion was again made, before *MacRae, J.*, for leave to issue execution, and it was refused because of the lapse of time (ten years from the docketing the judgment to the time this motion was made), from which judgment the plaintiffs appealed.

*Mr. E. S. Parker*, for plaintiffs.
No counsel for defendants.

ASHE, J.   The only exception taken below to the ruling of His Honor was, " that the statute of limitations did not run in favor of Joseph Barber after the allotment of his homestead and personal property exemption by the sheriff in 1869, under execution issued upon this judgment in favor of the plaintiffs."

The decision in *McDonald* v. *Dickson*, 85 N. C., 248, is decisive of this case. There, as here, the plaintiffs contended that the case was saved from the bar of the statute by virtue of the act of 1869–70 (Bat. Rev., ch. 55, §26), which declares it to

be unlawful to levy and sell under execution the reversionary interest in lands included in a homestead, until after the expiration of the homestead interest therein, and provides "that the statute of limitations shall not run against any debt owing by the holder of the homestead affected by this section, during the existence of his interest therein."

This court held that the provisions of that act were only intended to apply where the homestead had been actually allotted, and only as to the debts affected by such allotments, *i. e.*, to judgments docketed in the county where the homestead land is situated and *solely with reference to their liens upon the reversionary interest in such lands.*

For any other purpose than that of allowing a judgment creditor to issue his execution and sell the land allotted for a homestead after the termination of the homestead, the statute is still a bar.

Section 26 of chapter 55 of Battle's Revisal is not brought forward in THE CODE, but this proceeding was commenced before THE CODE went into operation, and is therefore not affected by it (§3868). There is no error. The judgment of the superior court is affirmed.

No error.                        Affirmed.